IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| A & A HAULING CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| EAST ST. LOUIS LABORERS | ) | |
| LOCAL 100, | ) | |
| | ) | |
| Defendant. | | |

**COMPLAINT FOR INJUNCTIVE RELIEF (INCLUDING TEMPORARY
RESTRAINING ORDER) IN AID OF ARBITRATION AND FOR DAMAGES**

The Plaintiff, A & A Hauling Co., Inc., for its claims for relief against Defendant, East St. Louis Laborers Local 100 ("Union"), states as follows:

1.     Plaintiff is a corporation engaged in the business of hauling dry bulk materials, including dirt, sand and rock, in this judicial district. Plaintiff is engaged in interstate commerce in an industry affecting interstate commerce.

2.     Defendant Union is a labor organization representing employees in an industry affecting interstate commerce. The Union maintains its principal place of business in this judicial district.

3.     Plaintiff and the Union are parties to a collective bargaining contract, a copy of which is attached hereto as Exhibit 1. This is a suit for violation of Exhibit 1, pursuant to 29 U.S.C. § 185 and for additional damages pursuant 29 U.S.C. § 187.

4.     This court has jurisdiction over the Union pursuant to 29 U.S.C. §§ 185(a) and (c) and 187(b).

5.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 185(a) and 187(b).

1

6.    On or about July 15, 2008, Plaintiff assigned the work of cleaning the beds of its trucking equipment and incidental spotting, if any, of Plaintiff's trucking equipment as they were being loaded with dirt at an off-site, non-dedicated quarry to its driver employees who are represented for purposes of collective bargaining by Locals 50 and 525 of the International Brotherhood of Teamsters.

7.    The Union disputed Plaintiff's work assignment and engaged in a work stoppage, strike and picketing directed against Plaintiff and other employers, including Keeley & Sons, Inc. and Hank's Excavating and Landscaping, Inc., engaged in interstate commerce in an industry affecting interstate commerce.

8.    The Union engaged in or induced or encouraged individuals employed by Keeley & Sons and Hank's Excavating and Landscaping, Inc., to engage in a strike or a refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials or commodities or to perform any services..

9.    The Union threatened, coerced or restrained Keeley & Sons and Hanks Excavating & Landscaping, Inc. with an object of forcing or requiring Keeley & Sons and Hank's Excavating & Landscaping, Inc. to cease using, selling, handling, transporting, or otherwise dealing in the product of Plaintiff or to cease doing business with Plaintiff.

10.   After a period of inclement weather, during which the Union suspended its unlawful activities, on August 7, 2008 the Union resumed the activities described in Paragraphs 7 through 9 herein.

11.   Article No. 27 of Exhibit 1 contains a provision for the resolution of "jurisdictional disputes," defined in the agreement as "any dispute, difference or disagreement involving the assignment of particular work to one class or craft of employees rather than to a

2

different class or craft of employees." Article No. 27 further contains provisions for the presentation of unresolved jurisdictional disputes to binding arbitration. Plaintiff has requested the Union to proceed to arbitration of the jurisdictional dispute, but the Union has refused to do so. A copy of Plaintiff's request is attached hereto as Exhibit 2.

12.    Article No. 4 of Exhibit 1 contains the agreement of the Union that "there shall be no strikes, lockouts or stoppage of work by any person or persons," except in limited instances not applicable herein.

## COUNT I
### (29 U.S.C. § 185)

13.    Plaintiff restates and realleges Paragraphs 1 through 12 of its Complaint as though fully restated herein.

14.    Plaintiff has been damaged and is continuing to incur damages by the Union's breach of contract and refusal to refrain from work stoppages or slow downs pending completion of the arbitration process. The Union's conduct has caused and will continue to have the effect of causing Plaintiff's work to shut down until this dispute is resolved.

15.    The Union's stoppage of work is causing and will continue to cause immediate and irreparable harm to Plaintiff which an award of damages will not fully remedy. Pending the completion of the arbitration proceedings specified by Article No. 27, the Union should be enjoined from the further stoppage or slow down of work, pursuant to the decision of the Supreme Court of the United States in *The Boys Markets v. Retail Clerks, Local 770*, 398 U.S. 235 (1970).

## COUNT II
### (29 U.S.C. § 187)

3

16.     Plaintiff restates and realleges Paragraphs 1 through 12 of its Complaint as though fully restated herein.

17.     The activity or conduct of the Union described in Paragraphs 7 through 9 constitutes an unfair labor practice under 29 U.S.C. § 158(b)(4).

18.     Plaintiff has been injured in its business and/or property by reason of the Union's activity or conduct.

WHEREFORE, Plaintiff prays for the following relief:

a.      Entry of a temporary restraining order enjoining the Union from further stoppage of work;

b.      After hearing, entry of a preliminary and permanent injunction in aid of arbitration enjoining the Union from any stoppage or slow down of work;

c.      An award of damages in an amount to be established at trial; and

d.      An award of its costs and expenses.

4

## **VERIFICATION**

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF _MADISON_ )

I, Steven Petroff, President of Plaintiff A & A Hauling Co., Inc., have read the foregoing

Complaint for Injunctive Relief and Damages and state that the facts set forth in the document

are true and correct to the best of my information, knowledge, and belief.

Steven Petroff

Subscribed and sworn to before me on this _12_ day of August, 2008.

> " OFFICIAL SEAL "
> JOSEPH J. HRABUSICKY
> Notary Public, State of Illinois
> My Commission Expires 10 / 14 / 09

Notary Public

My Commission Expires: _10-14-09_

Respectfully submitted,

**Schmiedeskamp, Robertson, Neu & Mitchell LLP**

BY: _____

John J. Gazzoli, Jr.
Theresa A. Phelps
7700 Bonhomme, Suite 375
St. Louis, MO 63105
(314) 725-0030
(314) 725-5503
jgazzoli@srnm.com
tphelps@srnm.com

*Attorneys for Plaintiff A & A Hauling Co., Inc.*